## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOHN E. LEWIS,               )
                             )
          **Plaintiff**      )
                             )
vs.                          )          **Case No. CIV-04-1172-L**
                             )
JO ANNE B. BARNHART,         )
Commissioner, Social Security )
Administration,              )
                             )
          **Defendant.**     )

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration (Commissioner) denying his application for supplemental security income benefits.  United States District Judge Tim Leonard has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. __).  Both parties have briefed their respective positions, and thus the matter is at issue.  For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

## I.  PROCEDURAL HISTORY

Plaintiff filed his application for supplemental security income benefits on June 3, 2002, with a protective filing date of April 30, 2002. Tr. 51, 52-60. Plaintiff alleged a disability onset of April 1, 2002.[1] Tr. 57. The application was denied on initial consideration and on reconsideration at the administrative level.  Tr. 24, 25, 26-28, 31-32.

---

[1] At the administrative hearing, the onset date was apparently amended to June 3, 2002.  Tr. 204-05.

Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on December 9, 2003. Tr. 33-34, 201-23. Plaintiff appeared with his attorney, and he offered testimony in support of his application. Tr. 203-19. A vocational expert also testified at the request of the administrative law judge. Tr. 41, 219-22. The administrative law judge issued his decision on January 21, 2004, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that he was thus not entitled to benefits. Tr. 11-13, 14-20. The Appeals Council denied Plaintiff's request for review on July 20, 2004, and thus the decision of the administrative law judge became the final decision of the Commissioner. Tr. 4-7.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52

2

(10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751, n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

## III.  THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 416.920. Tr. 15. He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 15, 19. At steps two and three, the administrative law judge found that Plaintiff suffered from depressive disorder NOS, seizure disorder, and back strain, and that although these impairments were severe, they were not severe enough to meet or equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. Tr. 17, 19. The administrative law judge specifically considered listings 1.00, 12.04, and 11.00. Tr. 17. At the fourth step of the sequential evaluation process, the administrative law judge found that Plaintiff could perform his past work as an automobile estimator. Tr. 19-20. Additionally, at step five, the administrative law judge found that a person with Plaintiff's residual functional capacity and vocational factors could perform work as an assembler, a counter attendant, and a flagger, and that these jobs exist in significant numbers. Tr. 19. Thus, the administrative law judge concluded that Plaintiff was not under a disability and was not entitled to benefits. Tr. 19, 20.

**IV. ISSUES ON APPEAL**

Plaintiff raises three issues on appeal.  First, he claims that the administrative law judge erred in failing to impose any limitations based on his mental impairment even though the judge found his mental impairment to be severe.  Second, he claims that the administrative law judge erred in finding that he is able to perform his past relevant work. Finally, Plaintiff contends that the administrative law judge erred in his credibility analysis.

> **A.  Whether the Administrative Law Judge Erred in Failing to Include Limitations Related to Plaintiff's Mental Impairment  in the RFC.**

Plaintiff contends that because the administrative law judge found his mental impairment to be severe at step two of the sequential analysis, he erred in failing to impose any limitations based upon that impairment. Plaintiff's Brief, p. 2. He claims that in order to find his mental impairment severe, the administrative law judge had to conclude that it significantly limited his "mental ability to do basic work activities," yet the administrative law judge included no limitations based upon that mental impairment in the residual functional capacity (RFC) assessment.  <u>Id.</u> at 3. Thus, he claims, the administrative law judge's finding regarding his mental impairment at step two is inconsistent with the finding regarding that impairment at step four.  <u>Id.</u> In fact, it is Plaintiff's position that the administrative law judge made no finding at all regarding his mental RFC.  <u>Id.</u> at 4.

In response, the Commissioner claims that the administrative law judge did not impose any mental limitations because there were none that were substantially supported by the record. Commissioner's Brief, p. 4.   The Commissioner also contends that

Plaintiff's daily activities did not indicate any limitations resulting from his mental condition.  Id.

The agency regulations lay out the process for evaluation of mental impairments. See 20 C.F.R. § 416.920a. The agency is required "to consider ... all relevant evidence to obtain a longitudinal picture of [the claimant's] overall degree of functional limitation." Id. at § 416.920a(c)(1). The claimant's impairment is then rated by its effect on four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Id. at § 416.920a(c)(3). The administrative law judge is required to document his evaluation of these functional factors in the body of his decision, § 416.920a(e), making specific findings as to the evidence relied upon and the degree of limitation in each of these areas, § 416.920a(e)(2); see also 20 C.F.R. § 416.945 (once claimant's mental abilities have been assessed, nature and extent of mental limitations and restrictions and residual functional capacity for work activity on a regular and continuing basis must be determined). Social Security Ruling 96-8p discusses what has come to be known as the psychiatric review technique and the role it plays in the residual functional capacity assessment:

> The psychiatric review technique described in 20 C.F.R. 404.1520a and 416.920a and summarized on the Psychiatric Review Technique Form (PRTF) requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders

listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.

Social Security Ruling 96-8p, 1996 WL 374184, at *4.  Ruling 96-8p further specifies that

> [i]n assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *7 (footnote omitted); accord Valdez v. Barnhart, No. 01-1531, 2003 WL 366751, at **4 (10th Cir. Feb. 20, 2003).[2]

In his decision, the administrative law judge did find all of Plaintiff's impairments – including his depressive disorder – to be severe at step two of the sequential analysis. Tr. 17.  However, at step three, he stated that "there is no evidence that the claimant has a mental impairment that would limit his activities of daily living or his ability to maintain social functioning" and that there "is no report of difficulty in maintaining concentration, persistence and pace and no episodes of decompensation." Tr. 17. Thus, the administrative law judge did rate the effect of Plaintiff's impairment in the four functional areas as required by § 416.920a. In reaching this conclusion, the administrative law judge noted that Plaintiff had one only contact with a mental health center for allegedly threatening suicide, but that the staff psychiatrist, Dr. Herd, declined to admit him. Tr. 17.  He noted that Plaintiff had no other history of psychological or psychiatric treatment on an ongoing basis. Tr. 17. In light of the administrative law

---

[2]This and any other unpublished disposition are cited herein for persuasive authority pursuant to Tenth Circuit Rule 36.3.

judge's findings under the "B" criteria of listing 12.04 at step three, there was no need for a "more detailed assessment" or for further discussion of the effects of that impairment on his ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis.

**B.   Whether the Administrative Law Judge Erred in his Analysis regarding Plaintiff's Past Relevant Work.**

Plaintiff next contends that the administrative law judge erred in finding that he could return to his past relevant work because the judge did not make specific findings regarding the mental demands of that work.  Plaintiff's Brief, p. 5. He claims that the administrative law judge did not develop the evidence regarding the mental demands of his past relevant work, and instead relied solely on the testimony of the vocational expert in concluding that his impairments did not preclude the performance of his past relevant work.  Id.

The Commissioner responds that the administrative law judge questioned Plaintiff about his past relevant work and considered his disability application materials which contained a description of his past relevant work.  Commissioner's Brief, p. 5.  She also notes that the vocational expert was asked to summarize Plaintiff's vocational history, including the strength demand, skill level, and specific vocational level of his past relevant work.  Id.  Thus, she concludes, the administrative law judge sufficiently evaluated the demands of Plaintiff's past relevant work. Id.

The step four analysis is comprised of three phases.  In the first phase, the administrative law judge must evaluate the claimant's residual functional capacity.  In the second phase, he must determine the demands of the claimant's past relevant work.

In the final phase, the administrative law judge determines whether the claimant can perform the demands of his past relevant work considering the claimant's limitations. Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003) (quoting Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996)). The administrative law judge must make specific findings at each of these phases. Id. Social Security Ruling 82-62 also requires the administrative law judge to include "[a] finding of fact as to the physical and mental demands of the past job/occupation."  1982 WL 31386, at *4.

In Westbrook v. Massanari, No. 01-2151, 2002 WL 193911, at *3 (10th Cir. Feb. 8, 2002), the Tenth Circuit interpreted its decision in Winfrey to require development of the record with respect to the demands of past employment.  The Court explained: "Our holding in Winfrey . . . is not designed to needlessly constrain [administrative law judges] by setting up numerous procedural hurdles that block the ultimate goal of determining disability.  Rather, its concern is with the development of a record which forms the basis of a decision capable of review." Id. at *5.  In the present case, the administrative law judge did sufficiently develop the record to allow for meaningful judicial review as to the physical demands of Plaintiff's past relevant work, as Winfrey and its progeny require.

As noted by the Commissioner, the administrative law judge had sufficient evidence from which to determine the demands of Plaintiff's past relevant work.  See Tr. 220.  Although the administrative law judge made no specific inquiry into, or any findings specifying, the mental demands of Plaintiff's past relevant work, such was not necessary given the judge's findings that Plaintiff's depressive disorder did not limit his activities of daily living or his ability to maintain social functioning, that there were no

reports of difficulty in maintaining concentration, persistence and pace, and no episodes

of decompensation:

> Claimant asserts that the [administrative law judge] failed to make findings
> about the mental demands of her past work, as required by Social Security
> Ruling 82-62 and applicable case law, specifically Winfrey v. Chater, 92
> F.3d 1017 (10th Cir.1996), and Henrie v. United States Department of
> Health & Human Services, 13 F.3d 359 (10th Cir.1993). However, as noted
> above, the [administrative law judge] concluded that claimant's mental
> conditions did not significantly impair her ability to work. Because the
> [administrative law judge] is required to make findings "about those work
> demands which have a bearing on the medically established limitations,"
> Winfrey, 92 F.3d at 1024 (quoting SSR 82-62), he did not err in failing to
> inquire into the mental health demands of claimant's past work where there
> were no such limitations.

Wise v. Barnhart, No. 01-3222, 2002 WL 1462891, at **2 (10th Cir. July 9, ,2002).  Thus,

there was no error in the administrative law judge's past relevant work analysis.

### C.  Whether the Administrative Law Judge Erred in His Credibility Analysis.

Finally, Plaintiff contends that the administrative law judge erred in his credibility

assessment in that he relied on his daily activities and did not completely or properly

analyze the medical evidence which corroborated his testimony regarding his depression,

back and neck pain, and seizure disorder.  Plaintiff's Brief, p. 13.  The Commissioner

responds that the administrative law judge is not required to perform a formalistic, factor-

by-factor credibility assessment, and that the medical evidence and Plaintiff's daily

activities were considered in reaching the finding regarding Plaintiff's credibility.

Commissioner's Brief, p. 6.  She also points out that credibility determinations are within

the province of the administrative law judge, and are generally binding on review.  Id.

Credibility determinations are indeed the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995) (same). The standard for reviewing allegations of disabling pain is well established. The administrative law judge must consider (1) whether Plaintiff has established a pain-producing impairment by objective medical evidence; (2) if so, whether there is at least a "loose nexus" between the impairment and Plaintiff's subjective allegations of pain; and (3) if so, whether, considering all of the evidence, both objective and subjective, Plaintiff's pain is in fact disabling. Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). In this case, the administrative law judge  apparently concluded that Plaintiff did have an impairment that could reasonably be expected to cause pain, as he went on to consider if his pain was in fact disabling. Tr. 17-18.

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1.  Some of the factors that may be considered in assessing a claimant's credibility as to disabling pain include (1)  daily activities; (2) the location, duration, frequency, and intensity of pain; (3) factors that precipitate and aggravate the pain; (4) the type, dosage, effectiveness, and side effects of any medication the claimant receives or has received for

relief of pain; (5) treatment, other than medication, the claimant has received for relief of pain; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms. Social Security Ruling 96-7p, 1996 WL 374186, at *3; 20 C.F.R. § 404.929(c)(3); Luna, 834 F.2d at 164-66. In assessing a claimant's credibility, an administrative law judge must state the evidence upon which he relies. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). He is not, however, required to undertake a factor by factor analysis and discuss every piece of evidence in the record. Id. In this case, the administrative law judge considered the medication and non-medication treatments being taken by Plaintiff and the lack of side-effects of those treatments, Plaintiff's daily activities, the fact that Plaintiff's physician recommended that he do stretching and aerobic activities, and the fact that no work restrictions had been placed upon Plaintiff by any treating source. Tr. 18. Although the administrative law judge did not refer to the specific credibility factors in discussing this evidence, the Tenth Circuit has "not reduced credibility evaluations to formulaic expressions . . . ." White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2001) (citation omitted). The Court explained: "Kepler does not require a formalistic factor-by-factor recitation of the evidence. So long as the [administrative law judge] sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of [Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995)] are satisfied." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The undersigned finds that the administrative law judge's decision contains a sufficient analysis to allow review of his credibility finding. Moreover, that finding is

supported by substantial evidence. In light of this, the undersigned finds that his credibility determination should not be disturbed on appeal.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the final decision of the Commissioner of the Social Security Administration should be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 18, 2005, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1.  This Report and Recommendation disposes of all of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**Entered this 27th day of June, 2005.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE