IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOHN E. LEWIS,                        )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )        No. CIV-04-1172-L
                                      )
JO ANNE B. BARNHART,                  )
Commissioner of Social Security       )
Administration,                       )
                                      )
                    Defendant.        )

# O R D E R

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of

the final decision of the Commissioner of the Social Security Administration denying

his application for supplemental security income benefits under the Social Security

Act.   Pursuant to 28 U.S.C. § 636(b), this matter was referred to the Honorable

Doyle W. Argo for initial decision.  On June 27, 2005, Judge Argo issued his Report

and Recommendation recommending that the Commissioner's decision be affirmed.

This matter is before the court on plaintiff's timely filed objections to the Report

and Recommendation.  Pursuant to 28 U.S.C. § 636(b), the court must "make a de

novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  In his objections, plaintiff contends

that the Commissioner improperly determined that plaintiff could perform his past

1

relevant work.  Specifically, plaintiff claims that the Administrative Law Judge ("ALJ") failed to consider plaintiff's mental impairment when assessing his residual functional capacity.  Plaintiff contends that he does not have the residual functional capacity to perform his past relevant work or any substantial gainful activity.  In addition, plaintiff claims the ALJ's credibility determination was in error.

The court's review of the Commissioner's decision is limited to determining "whether it is supported by substantial evidence and whether the [Commissioner] applied the correct legal standard."  Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).  In making this determination, the court must closely examine the record as whole.  See Andrade v. Secretary of Health and Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'  In addition to a lack of substantial evidence, the [Commissioner's] failure to apply the correct legal standards, or to show us that she has done so, are also grounds for reversal."  Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996) (citations omitted).

In accordance with the governing standards, the court has reviewed the Report and Recommendation, plaintiff's objections thereto, and the case file.  Based on this review, the court concludes that the Commissioner's decision must be reversed and this matter must be remanded to the Commissioner for further proceedings.  The court finds the ALJ did not properly consider plaintiff's mental impairment when determining his residual functional capacity, nor did the ALJ

sufficiently develop the record regarding plaintiff's past work experience as an "auto estimator".  The only evidence regarding this position was plaintiff's testimony that his job consisted of "detailing cars . . . going to auctions to buy the vehicles, walking around checking the vehicles to make sure they was (sic) in good enough shape for resale."  Tr. at 206.  From this bare outline, the vocational expert testified "I'm not sure how to classify this thing where he said he went to auto auctions and saw if cars were in good running shape for someone to buy.  I would think the closest thing might be auto estimator."  Tr. at 220.  This is patently insufficient.  *See* Ogle v. Barnhart, 123 Fed. Appx. 361, 364 (10th Cir. 2005).  Moreover, plaintiff remained at this position for less than six months and earned less than the presumptive amount to establish substantial gainful activity.  *See* 20 C.F.R. § 404.1574(b) (Table 1); Tr. at 66 (plaintiff earned less than $500 per month during 1999).  Likewise, the ALJ did not sufficiently develop the record regarding plaintiff's mental condition; thus, his mental limitations were not considered in determining his residual functional capacity.  On remand, the ALJ should order a psychiatric consult and should follow the procedure outlined by the Court of Appeals in Winfrey, 92 F.3d at 1024.  Given the court's determination on these issues, it need not address plaintiff's contention that the ALJ's credibility determination was in error.

In sum, the court concludes that the Commissioner's decision is not supported by substantial evidence.  The Commissioner's decision is therefore REVERSED.

This matter is REMANDED to the Commissioner for further proceedings consistent with this Order.  Judgment shall issue accordingly.

It is so ordered this 7th day of October, 2005.

_Tim Leonard_

TIM LEONARD
United States District Judge